AARON V. BROWN, complainant, and JOHN R. HOLCOMB and JOHN G. READING, defendants.

1. If a debtor makes an assignment for the benefit of his creditors, such assignment must be in conformity to the statute. He has no right to give a preference of one creditor over another, nor has he a right to annex to such assignment a condition which contravenes any provision of the statute.

2. The assignee cannot protect the property from the debtor's creditors, by virtue of such an assignment. If an assignment is made *for the equal benefit of the creditors*, the assignee must proceed to discharge its trusts in conformity to the provisions of the statute.

3. But where, at the request of some of the creditors, the books of account, notes, &c., were placed in the hands of a responsible person *to collect*, and for no other purpose, such an assignment was held to be no more than a power of attorney. It did not place the property beyond the control of the debtor; it created no right between the assignee and the creditors  There was nothing illegal in such assignment, nor could it prejudice the creditors.

This cause was heard on bill and answer. The material facts contained in them are fully stated in the opinion of the Chancellor.

*Allen*, for complainant.

*P. J. Clark*, for defendants.

THE CHANCELLOR. The bill alleges that one of the defendants, John R. Holcomb, and the complainant, were partners in trade, as merchants or store-keepers, and that on the 1st of March, 1851, they dissolved partnership; that a short time after the dissolution, on the application and proposition of the complainant, an arrangement was made between them, in pursuance of which, the complainant assigned to Holcomb all the assets of the late firm, and thereupon Holcomb executed and delivered to the complainant, Holcomb's own bond, in the sum of five hundred dollars, with the fol-

lowing condition : "Whereas, the above-named Aaron V. Brown has this day assigned and set over to the said John R. Holcomb the books of account of the late firm of Holcomb & Brown, to enable him to pay the debts and liabilities of said firm, and also the notes, bonds, vouchers, and other securities, for the same purpose. Now, the condition of this obligation is such that if the said John R. Holcomb shall indemnify and save harmless the said Aaron V. Brown from the payment of any of the debts and liabilities of said firm, then this obligation to be void ; otherwise, to remain in force and effect."

The bill alleges that since this arrangement, Freeman & Davis, creditors of the late firm of John R. Holcomb & Co., have recovered a judgment, and that, by virtue of an execution issued thereon, a levy has been made upon the goods and chattels of the complainant; that Holcomb has become insolvent—has confessed a judgment to his father for fifteen hundred dollars, and has encumbered his real estate for more than its value ; that since then, he has made an assignment to the other defendant, John G. Reading, of his individual personal property, to a considerable amount, and also of the assets of the late firm ; that it is a special assignment, for the benefit of such creditors only as will take such sum as he chooses to offer them, in full satisfaction of their debts.

It is alleged that this assignment was made for the fraudulent purpose of delaying and defeating the creditors, and is in contravention of the act " to secure to creditors an equal and just division of the estates of debtors who convey to assignees for the benefit of creditors."

It is unnecessary to refer further to the contents of the bill, as the merits of the case are not affected by any other of the allegations contained in it.

The prayer of the bill is that Reading may be decreed to pay the debt of Freeman & Davis, and such other judgment creditors as may apply for the purpose ; that the assignment may not be kept on foot, or used, to delay, hinder, or defraud the judgment creditors of the late firm, and that a receiver may be appointed, &c.

The court will not interfere, unless it is necessary to do so in order to protect the rights of the complainant. In decreeing relief to the complainant, it might follow, as incidental to such relief, that the judgment creditors of John G. Holcomb & Co. would be protected. But such is not the primary object of this bill, and, for such a purpose, the proper parties are not before the court. The complainant must be entitled to relief on his own account, or the bill cannot stand.

It is manifest that the equity upon which this bill rests is that the complainant is entitled to the protection of the court against the consequences to him of the assignment from Holcomb to Reading. If we strike the assignment out of the bill, the complainant has nothing to stand upon.

The complainant voluntarily placed all the assets of the firm in the hands of his partner. He relinquished all control over these assets, and took from his partner a bond of indemnity, for protection. Holcomb has a right to these assets, and this court will not interfere with his management of them, as between the complainant and him, unless he is taking advantage of his control over them to defraud the complainant.

The insolvency of Holcomb is no ground for relief. It does not follow that, because he is insolvent, he is therefore dishonest. The defendant can manage and settle up the affairs of the late firm better than it can be done by any stranger appointed by the court, and I cannot interfere with him, unless I can see that he is acting dishonestly.

The case is before me on bill and answer, and the answer must be taken as true.

The answer denies the equity of the bill. It denies the fraud charged, and explains every allegation made imputing fraud, and the explanations given are consistent with honesty.

An assignment, such as the bill alleges to have been made, would have been illegal. It would have been void as against creditors. If a debtor makes an assignment for the benefit of his creditors, such assignment must be in conformity to the statute. He has no right to give a preference of one

creditor over another, nor has he a right to annex to such assignment, a condition which contravenes any provision of the statute. The assignee cannot protect the property from the debtor's creditors by virtue of such an assignment. If an assignment is made for the equal benefit of the creditors, the assignee must proceed to discharge its trusts in conformity to the provisions of the statute.

The defendant denies that he has made the assignment alleged in the answer, or that he has made any assignment for the benefit of creditors. He says that some of the creditors applied to him, and said it would be more satisfactory to them if he would place the books of account, notes, &c., in the hands of some responsible person to collect; and that, to comply with their wishes, he placed them, by assignment, in the hands of Mr. Reading for the purpose, and with power to collect the same, and for no other purpose. Such an assignment was nothing more than a power of attorney. It does not place the property beyond the control of Holcomb. It created no rights between the assignee and the creditors, and there is nothing illegal in such assignment, and nothing to prejudice the creditors or the complainant.

The defendant Holcomb further states that the property, together with his own individual property, is not sufficient to pay all the creditors in full, and he admits that it is his intention to offer a ratable proportion to all the creditors, and to pay such of them as are willing, on receipt of such proportion, to give a full discharge from their claims; and as to such as refuse to give such discharge, he intends to leave them to their legal remedy, but in no way to protect the property against their claims and legal remedies. But this forms no part of the assignment to Reading. It is a mere resolution or determination he has formed in his own mind.

I do not see anything illegal or fraudulent in this. A debtor may, with propriety and honesty, where he finds himself insolvent, say to a creditor, "I will give you your fair proportion of my property. I will not *prefer* you. If you take my offer, well; if not, there is the property, take such

preference as the law will give you, but I will not prefer one creditor over another."

This is all Holcomb has done. Freeman & Davis have recovered a judgment. He says he has not property enough to pay them. He denies that he has placed the property beyond their reach as creditors, and he shows that it is within the reach of their judgment and execution. They have chosen to levy on the goods of the complainant. No action of the court, in this bill, would afford to the complainant any relief in respect to the execution of Freeman & Davis. They would sell the complainant's property still, and have a right to do so without being interfered with by the court.

But the complainant's counsel says that notwithstanding the denials of the answer, the defendant's conduct is suspicious, from his own statement of the facts, and that there is still something concealed about the assignment to Reading, and that the defendants' answer is equivocal in regard to it.

But the complainant has not replied to the answer, and has, therefore, denied to the defendant an opportunity of proving his defence. He has not excepted to the answer for insufficiency. If, under such circumstances, he sets down his cause for final hearing upon bill and answer, he must concede to the defendant the benefit of his answer.

As I have already said, the equity of the case rests upon the simple point whether or not the assignment to Reading was a conditional or illegal one. The defendant has denied that it was, and has denied the facts from which such an inference is to be drawn. The complainant has not taken issue upon the point, and the answer of the defendant is entitled to full credit.

The bill must be dismissed, with costs.